UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| FOXXXY LADYZ ADULT WORLD, INC.,<br>and DIRT CHEAP, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | No.  13-482<br>WDS/DGW |
| | ) | |
| v. | ) | PLAINTIFFS DEMAND<br>TRIAL BY JURY |
| VILLAGE OF DIX, ILLINOIS, | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY'S FEES

NOW COME Plaintiffs, FOXXXY LADYZ ADULT WORLD, INC. and DIRT CHEAP INC., complaining of VILLAGE OF DIX, an Illinois Municipality, ("DIX") and allege as follows:

### INTRODUCTION

This case results from a local government's attempt to censor speech which it disfavors. Defendant DIX is attempting to impose an unconstitutional restraint on the dissemination of erotic speech through its local ordinances in violation of the First Amendment to the United States Constitution and Article V, §16, Illinois Constitution of 1970.

### PARTIES JURISDICTION AND VENUE

1. Plaintiff FOXXXY LADYZ ADULT WORLD INC., ("Foxxxy Ladyz") is a corporation organized under the laws of the State of Illinois, with its principal place of business in Jefferson County, Illinois.

2. Plaintiff DIRT CHEAP, INC., ("Dirt Cheap") is a corporation organized under the laws of the State of Illinois, with its principal place of business in Jefferson County, Illinois.

3. Plaintiff DIRT CHEAP purchased the real estate located at 304 North Duncan Lane, DIX, Illinois on October 1, 2010.

4.   Plaintiff FOXXXY LADYZ operates an entertainment establishment on the property owned by Dirt Cheap, including the presentation of constitutionally protected erotic entertainment.

5.   Defendant DIX is a Village organized under the laws of the State of Illinois and is located in Jefferson County, Illinois.

6.   All references to Defendant DIX are, inter alia, understood to include any and all of its departments, agents, officials, and employees.

7.   Unless otherwise noted, the acts of these employees and agents were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant DIX, and its divisions, pursuant to the official custom, habit, or policy of Defendant DIX, under color of its authority.

8.   This Court has jurisdiction over the claims raised herein pursuant to 28 U.S.C. 1331, 1343 and 42 U.S.C. 1983, 1988.

9.   Venue is appropriate in the Southern District of Illinois, since the acts complained of occurred within that District.

## FACTUAL ALLEGATIONS

10.  On October 1, 2010, Plaintiff DIRT CHEAP purchased commercial property located at 304 North Duncan Lane, within the boundaries of DIX, Illinois.  That real estate is located near an Interstate highway, on the other side of the highway and a considerable distance from any residences or schools.  There are no land use regulations or business licensing ordinances or regulations which would regulate, control or prohibit adult business establishments at this location.

11.  Shortly after the purchase of the real estate, DIRT CHEAP began operating an entertainment establishment known as Club 57 at that location, which included erotic entertainment.  The business does not serve alcoholic beverages to its customers, but does allow those customers to bring alcoholic liquor onto its premises if they wish.

2

12. Immediately after DIRT CHEAP commenced the operation of Club 57, Defendant Dix began enacting local ordinances which, while purporting to be applicable to all operations within the town, are actually applicable only to Plaintiff, which operates virtually the only business within the boundaries of the Village of Dix which is open to the public.

13. On December 14, 2010, DIX adopted Ordinance No. 2010-04, which purports to prohibit the possession of any open container containing alcoholic liquor, or consumption of alcoholic liquor in public, including on "any property, including privately owned, which is open to or held out for use by the public or is otherwise available to the public." A copy of that Ordinance is attached hereto as Exhibit "A."

14. On December 14, 2010, DIX adopted an Ordinance No. 2010-05, which purports to prohibit any person from appearing nude or "in a state of nudity" in a "public place." A "public place" is defined is "any location frequented by the public or where a person may reasonably be expected to be observed by members of the public or any location that is readily visible to the public or any place to which the public has a right to go or is invited." A copy of that Ordinance is attached hereto as Exhibit "B."

15. On December 14, 2010, DIX adopted an Ordinance No. 2010-06, which purports to prohibit any business from permitting the possession of alcoholic liquor on its premises. That ordinance states: "This Ordinance specifically, but without limitation, prohibits all establishments generically known or referred to as "BYOB" (bring your own booze/bottle/beer) or "Brown Bag" establishments or bottle clubs or set up establishments. A copy of that Ordinance is attached hereto as Exhibit "C."

16. In enacting these Ordinances, DIX conducted no studies, nor did it refer to or gather any other evidence which provided any information that the operation of Plaintiffs' business caused any adverse secondary effects.

3

17. DIX adopted these ordinances solely based upon its objection to the content of the entertainment offered by Plaintiffs at their business. They were adopted solely for the purpose of interfering with Plaintiffs' business, and suppressing the entertainment offered to willing customers.

18. Plaintiff FOXXXY LADYZ was incorporated in 2012. Thereafter it assumed the operation of the business under the name FOXXXY LADYZ pursuant to an oral lease with DIRT CHEAP. The nature of the operation of the business remained virtually the same as before.

19. After the club opened for business, law enforcement officials from surrounding jurisdictions began harassing Plaintiffs and their customers, including conducting surveillance of customers who patronized Plaintiffs' business; entering Plaintiffs' place of business and questioning their customers, setting up road blocks immediately adjacent to Plaintiffs' premises and interrogating all customers leaving Plaintiffs' business and otherwise generally harassing Plaintiffs' customers.

20. The Village of Dix has no police Department. Plaintiffs are informed and believe that this activity by law enforcement officials of surrounding governmental entities was at the specific instance and request of the officials of DIX.

21. As a result of this harassing activity by law enforcement officials, many of Plaintiffs' former customers have ceased patronizing Plaintiffs' business for fear of being arrested and harassed in other ways by law enforcement officers.

22. At no time has either DIRT CHEAP or FOXXXY LADYZ or any of its employees been charged with violating any laws during or in conjunction with the operation of that entertainment business.

4

23.   On March 18, 2013, DIX sent a letter to Plaintiffs with the legend "NOTICE TO ABATE NUISANCE AND TO CEASE VIOLATION OF VILLAGE ORDINANCES." A copy of that letter is attached hereto as Exhibit "D." In that letter, DIX threatens to take legal action against Plaintiffs as a nuisance.

24.   The accusations against Plaintiffs contained in that letter regarding the condition of the premises in and around Plaintiffs' business are fabricated and untrue.

25.   Plaintiffs have been required to retain counsel to enforce their rights, and are obligated to pay reasonable attorney's fees to its attorneys

## LEGAL ALLEGATIONS

26.   All actions referenced above and taken by Defendant DIX were under the color of state law.

27.   The right to disseminate adult-oriented entertainment is protected by the First and Fourteenth Amendments to the United States Constitution.

28.   Defendant DIX's ordinances set forth above are content based, and the ordinance banning all public nudity constitutes a significant restraint on free speech, as nude dancing is protected by the First Amendment.

29.   Defendant DIX has identified no information which would supply any justification for the enactment of the ordinances set forth above, which on their face do not identify the significant governmental interest which these Ordinances are attempting to vindicate.

30.   DIX's ordinances fail to serve a substantial or significant government interest, and are not narrowly tailored to serve any such interest.

31.   DIX's ordinances were adopted with a predominately censorial purpose and without any legitimate governmental reason.

32.   DIX's ordinances are over-broad and violate the First and Fourteenth Amendments to the United States Constitution on their face, and as applied to Plaintiffs.

5

33. DIX's ordinances are invalid as applied to Plaintiffs. The complete ban on the offering of constitutionally protected erotic entertainment is not the least restrictive means available for any permissive regulation of that conduct.

34. Taken together, DIX's ordinances make it practically impossible for Plaintiffs to operate their entertainment business in which they have invested thousands of dollars.

35. The enactment of these ordinances by Defendant DIX was for the sole purpose of interfering with Plaintiffs' ability to operate their law business. Enforcement of these ordinances against Plaintiffs will deprive them of their property rights without due process of law.

36. The threat by DIX to take action against FOXXXY LADYZ for the alleged maintenance of a public nuisance places Plaintiffs in fear that Defendant will further interfere with their operation of a lawful business protected by the First and Fourteenth Amendments to the United States Constitution.

37. Plaintiff FOXXXY LADYZ is legally entitled to disregard an unconstitutional prior restraint on free speech, and engage in protected expression with impunity.

38. DIX has not been granted the power to prevent the consumption of alcohol in public places, and its attempt to do so is arbitrary and capricious and violates the provisions of the Illinois Constitution of 1970, Article I §2 and Article VII §7

## COUNT I

### Declaratory Relief

39. Plaintiffs reallege the allegations contained in Paragraphs 1-38

40. This an action for Declaratory Relief pursuant to 42 U.S.C. 2201 and 2202.

41. There is an actual, bona fide controversy between Plaintiffs and Defendant Village of DIX in that Plaintiffs contend that the subject ordinances are interfering with the lawful operation of their business and are unconstitutional on their face, and as applied, in violation of the First and Fourteenth Amendments to the United States Constitution.

6

whereas Defendant DIX presumably contends that its ordinances and actions are constitutional.

42.   Plaintiffs are uncertain with regard to their rights and responsibilities in connection with the business and expression prohibited under the subject ordinances.

WHEREFORE, Plaintiffs FOXXXY LADYZ and DIRT CHEAP request that this Court enter a Declaratory Judgement finding that the subject ordinances are unconstitutional on their face and as applied to Plaintiffs' business operation, and further award court costs incurred in prosecuting this action including a reasonable attorney's fee pursuant to 42 U.S.C. 1988, and such further relief pursuant to 28 U.S.C. 2202 as this Court may deem appropriate.

## COUNT II

### Injunctive Relief

43.   Plaintiffs reallege the allegations contained in Paragraphs 1-38.

44.   This is an action for injunctive relief.

45.   Defendant DIX has the actual and present ability to continue to enforce the subject Ordinances, and to punish Plaintiffs for offering constitutionally protected entertainment by continuing to cause local law enforcement officers to continue to harass Plaintiffs and their customers as it has done in the past.

46.   The mere existence of the prior restraint on free speech causes a chilling effect on protected expression.

47.   Deprivation of First Amendment Rights constitutes irreparable injury, per se.

48.   Any harm to Defendant DIX resulting from the issuance of an injunction is substantially outweighed by the harm to Plaintiffs caused by the depravation of cherished First Amendment Rights.

49.   It is always in the public interest to protect constitutional freedoms by enjoining unconstitutional laws.

50.   Any legal remedy is per se inadequate when loss of First Amendment rights is

involved.

51. Injunctive relief is appropriate upon a declaration that a law is unconstitutional.

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

A. Declare DIX'S Ordinances described herein to be unconstitutional, both on their face and as applied to Plaintiffs FOXXXY LADYZ, LLC. and DIRT CHEAP INC.

B. Hold a hearing, and temporarily and permanently enjoin Defendant from applying and enforcing its Ordinances, in whole or in part, against Plaintiffs, or continuing any practice of harassing Plaintiffs and their customers for the purpose of interfering with their offering of constitutionally protected erotic entertainment.

D. Award Plaintiffs their attorney's fees and costs pursuant to 42 U.S.C. 1988.

E. Award Plaintiffs such other and further relief as this Court deems fit, just, and equitable.

## COUNT III

### Damages for Intentionally Interfering with Plaintiff's Business Operations

52. Plaintiffs reallege the allegations contained in Paragraphs 1-38.

53. The harassment of Plaintiffs and their customers, under color of law, is a deprivation of Plaintiffs' right to operate its business in a lawful manner without due process of law.

54. As a direct and proximate result of the actions of Defendant herein, Plaintiffs' customers have ceased patronizing Plaintiffs' business, causing Plaintiffs' business to diminish, and interfering with its rights to offer constitutionally protected entertainment for a profit.

55. The damage to Plaintiffs is continuing, and will continue as long as DIX persists in its illegal actions against Plaintiffs, making it impossible for Plaintiffs to determine the amount of monetary damages it will suffer in the future due to Defendant's actions.

WHEREFORE, Plaintiffs pray that the Court award it any and all damages proximately caused by the actions of the Defendant, in an amount to be determined at a trial herein, plus its attorneys fees and costs of suit herein pursuant to 42 U.S.C. §1988.

S/Wayne B. Giampietro,
One of Plaintiffs' attorneys

Of counsel:
Poltrock & Giampietro
123 W. Madison St., Suite 1300
Chicago, Illinois 60602
312 236 0606; Fax 312 236 6492
wgiampietro@wpglawyers.com

ROGER B. WEBBER
BECKETT & WEBBER PC
PO BOX 17160
508 S. BROADWAY
URBANA, IL 61803-7160
217 328 0263; Fax 217 328 0290
roger@beckettwebber.com

# DECLARATION
(28 U.S.C. § 1746)

I, Michael Bickers, do declare as follows:

1.  I am an officer of both FOXXXY LADYZ ADULT WORLD, INC, and DIRT CHEAP, INC., Plaintiff herein; I have read the foregoing Complaint, I have knowledge of the allegations contained in it and all of the facts alleged are true and correct.

3.  I declare, under penalty of perjury, that the foregoing is true and correct.

4.  I have executed this Declaration on May ___17 TH___, 2013

10

<u>ORDINANCE 2010-04</u>

## AN ORDINANCE PROHIBITING THE CONSUMPTION AND/OR POSSESSION OF OPEN ALCOHOL IN PUBLIC PLACES

WHEREAS, the Village of Dix, situated in Rome Township, Jefferson County, Illinois is a Village where the sale at retail of alcoholic liquor is prohibited by law as each of the Village of Dix and Rome Township are "dry" as that term is used and understood under Illinois Statutes; and

WHEREAS, the Board of Trustees of the Village of Dix believes that the prohibition on the retail sale and public consumption of alcoholic liquor within the Corporate Limits of the Village of Dix is in the public interest to maintain social order, health, welfare, and safety of citizens; and

WHEREAS, the Board of Trustees desires to prohibit the possession of open alcohol in public places and to prohibit the consumption of alcoholic liquor in public places; and

WHEREAS, the Board of Trustees desire to preserve the "dry" status of the Village of Dix to the fullest extent permitted by law.

NOW, THEREFORE, BE IT ORDAINED by the Board of Trustees of the Village of Dix, Illinois as follows:

No person shall possess any open container of alcoholic liquor or consume alcoholic liquor or transport or carry any alcoholic liquor except on the original package with the seal unbroken upon any public property or public place as herein defined within the corporate limits of the Village of Dix. "Alcoholic Liquor" includes alcohol, spirits, wine, and beer and every liquor or solid, patented or not, containing alcohol, spirits, wine or beer and capable of being consumed as a beverage by a human being. "Alcoholic liquor" shall not include any liquid or solid containing one half of one percent or less of alcohol by volume or alcohol used in the manufacturing of denatured alcohol produced in accordance with Acts of Congress. "Public property" or "Public Place" means any public street, alley, sidewalk, or public way, or any property owned by the United States, the State of Illinois, or other State or Municipality, or other political subdivision or agency thereof, or any property, including privately owned, which is open to or held out for use by the public or is otherwise available to the public. This Ordinance shall not be construed so as to violate any superceding state or federal law.

EXHIBIT A

Any person who violates or refuses to comply with the provisions of this Ordinance shall upon conviction thereof be fined not less than $100.00 nor more than $750.00 for each violation; each instance of public possession or of public possession and consumption shall be a separate punishable offense. In addition to any other fine authorized by law, any person who violates or refuses to comply with this Ordinance shall be subject to an action for an injunction to eliminate or prevent violation of this Ordinance.

This Ordinance shall be in full force and effect from and after its passage, approval and publication as required by law.

PASSED by the Board of Trustees of the Village of Dix this _14TH_ day of _December_, 2010.

APPROVED by the President of the Village of Dix this _14th_ day of _December_, 2010.

APPROVED:

_____
President

ATTEST:

_____
Village Clerk

Published in pamphlet form this _14th_ day of _December_, 2010.

_____
Village Clerk

## ORDINANCE 2010-_05_

## AN ORDINANCE PROHIBITING PUBLIC NUDITY

WHEREAS, Ordinance Number 9, Section 7 enacted on August 18, 1930 presently provides "No person shall appear in any public place in a state of nudity, nor in a dress not belonging to his or her sex, or any indecent or lewd dress, or make any indecent exposure of his or her person, nor shall commit any indecent exposure of his or her person, nor shall commit any indecent or lewd act"; and

WHEREAS, the Board of Trustees of the Village of Dix desires to update the above cited Ordinance to use language which has been approved by the Courts as consistent with the Illinois and United States Constitution; and

WHEREAS, it is in the public interest to maintain social order, health, welfare, and safety of citizens; and

WHEREAS, the Board of Trustees desires to continue the prohibition on public nudity within the Village of Dix.

NOW, THEREFORE, BE IT ORDAINED by the Board of Trustees of the Village of Dix that Section 7 of Ordinance Number 9 described above is hereby repealed and replaced by the following Ordinance:

## An Ordinance Prohibiting Public Nudity

No person shall knowingly or intentionally appear nude or in a state of nudity in a public place.

"Public place" means any location frequented by the public or where the public is present or likely to be present or any location where a person may reasonably be expected to be observed by members of the public or any location that is readily visible to the public or any place to which the public has a right to go or is invited.

"Nude" or "State of Nudity" means the showing of the human male or female genitals, pubic area, vulva, anus, or anal cleft or cleavage with less that a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple and areola, or the showing of the covered male genitals in a discernibly turgid state.

Any person who violates or refuses to comply with the provisions of this Ordinance shall upon conviction thereof be fined not less than $100.00 nor more than $750.00

EXHIBIT B

for each violation; each instance of public nudity shall be a separate punishable offense. In addition to any fine or other penalty authorized by law, any person who violates or refuses to comply with this Ordinance shall be subject to an action for an injunction to eliminate or prevent violation of this Ordinance.

This Ordinance shall be in full force and effect from and after its passage, approval and publication as required by law.

PASSED by the Board of Trustees of the Village of Dix this _14TH_ day of _December_, 2010.

APPROVED by the President of the Village of Dix this _14TH_ day of _December_, 2010.

APPROVED:

_____
President

ATTEST:

_____
Village Clerk

Published in pamphlet form this _14th_ day of _December_, 2010.

_____
Village Clerk

## ORDINANCE 2010- 06

## ORDINANCE PROHIBITING THE POSSESSION OF ALCOHOLIC LIQUOR WITHIN BUSINESSES OPERATING AS A PUBLIC ACCOMMODATION

WHEREAS, the Village of Dix, situated in Rome Township, Jefferson County, Illinois is a Village where the sale at retail of alcoholic liquor is prohibited by law as each of the Village of Dix and Rome Township are "dry" as that term is used and understood under Illinois Statutes; and

WHEREAS, the Board of Trustees of the Village of Dix believes that the prohibition on the retail sale and public consumption of alcoholic liquor within the Corporate Limits of the Village of Dix has served the public interests in maintaining social order, health, welfare, and safety of citizens; and

WHEREAS, the Board of Trustees desires to preserve the "dry" status of the Village of Dix to the fullest extent permitted by law; and

WHEREAS, the Board of Trustees desires to prohibit the possession of alcoholic liquor within businesses operating as a public accommodation; and

WHEREAS, the Board of Trustees believes that prohibiting possession of alcoholic liquor within businesses operating as a public accommodation is conducive to prohibiting the consumption of alcoholic liquor in public places and is conducive in preserving the benefits to the citizens of Dix in being a "dry" Village.

NOW, THEREFORE, BE IT ORDAINED by the Board of Trustees of the Village of Dix, Illinois as follows:

No individual, partnership, corporation or other person operating as a public accommodation shall permit the possession of alcoholic liquor (as defined within 235 ILCS 5/1-3.05) on its premises. No person shall possess alcoholic liquor upon the premises of a public accommodation. For purpose of this subsection "Public Accommodation" means a refreshment, entertainment or recreation facility of any kind whose goods , services, facilities, privileges or advantages are extended, offered, sold or otherwise made available to the public. This Ordinance specifically, but without limitation, prohibits all establishments generically known or referred to as "BYOB" (bring your own booze/bottle/beer) or "Brown Bag" establishments or bottle clubs or set up establishments. Each the person who possesses alcoholic liquor and the person in control of the public accommodation who knowingly permits the possession of alcoholic liquor upon the premises of a public accommodation shall be in violation of this Ordinance.

EXHIBIT C

Any person who violates or refuses to comply with the provisions of this Ordinance shall upon conviction thereof be fined not less than $100.00 nor more than $750.00 for each violation. Each instance of possession shall be a separate punishable offense. In addition.to any fine or other penalty authorized by law, any person who violates or refuses to comply with this Ordinance shall be subject to an action for an injunction to eliminate or prevent violation of this Ordinance.

This Ordinance shall be in full force and effect from and after its passage, approval and publication as required by law.

PASSED by the Board of Trustees of the Village of Dix this _14th_ day of _December_, 2010.

APPROVED by the President of the Village of Dix this _14th_ day of _December_, 2010.

APPROVED:

_____
President

ATTEST:

_____
Village Clerk

Published in pamphlet form this _14th_ day of _December_, 2010.

_____
Village Clerk

# VILLAGE OF DIX
*Small Town with a Large Future*

### DIX, ILLINOIS 62830

March 18, 2013

Foxxxy Ladyz Adult World, Inc.
Attention: Mike Bickers
1000 18th Street
Charleston, Il 61920

Foxxxy Ladyz
Attention: Manager
304 North Duncan Lane
Dix, Il 62830

RE:   NOTICE TO ABATE NUISANCE AND TO CEASE VIOLATION OF
VILLAGE ORDINANCES

The Board of Trustees of the Village of Dix has received complaints and reports that Foxxxy Ladyz is maintaining a nuisance on property situated at 304 North Duncan Lane and is committing and permitting activities in violation of Village Ordinances. The complaints and reports include bottles, cans, trash, and other debris upon the property and adjoining real estate, noise and disturbances upon the property including occurrences requiring response from law enforcement, permitting possession and consumption of alcoholic liquor upon the property, and permitting public nudity upon the property.

The nuisance and violations arise from and include the following:

A) Violation of Section 6.19, 6.21, and Section 6.22, Subparagraph H and Subparagraph I of Ordinance 96-1 of the Village of Dix.  A copy of Ordinance 96-1 is attached hereto.

B) Violation of Ordinance 2010-06 and 2010-04.  Copies of each Ordinance 2010-06 and 2010-04 are attached hereto.

C) Violation of Ordinance 2010-05.  A copy of Ordinance 2010-05 is attached hereto.

Notice is hereby given to Foxxxy Ladyz and to Foxxxy Ladyz Adult World, Inc. and to each officer, agent, and employee thereof to immediately cease violation of the Village Ordinances identified above and to cease activities upon the property at 304 North Duncan Lane that are creating a nuisance. Conducting a business and/or permitting activities upon a property in violation of Village Ordinances constitutes a nuisance.

*Come Grow With Us!*

EXHIBIT D

Penalties for violations of Village Ordinances are set forth within the attached Ordinances. In addition to, or in lieu of imposition of a fine for a violation as provided by the Ordinances, the real estate, its owner and its occupant and the officers, agents, and employees of each are subject to the imposition of an injunction enjoining the activities and/or enjoining the operation of a business that constitutes a nuisance.

Immediate and continued compliance with Village Ordinances is expected and will be appreciated.

*Larry Mooney*

Larry Mooney, President
Village of Dix, Illinois
217 Main
Dix, IL 62830