IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FOXXXY LADYZ ADULT WORLD, INC., and DIRT CHEAP, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 13–cv–0482–MJR–DGW |
| VILLAGE OF DIX, ILL., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

The "dry" Village of Dix, Illinois passed three ordinances in 2010. Roughly speaking, Ordinance 2010-04 banned open containers of alcohol, Ordinance 2010-06 banned liquor possession in public accomodations, and Ordinance 2010-05 banned public nudity. Plaintiff Dirt Cheap, Inc.—apparently believing they were buying property in a municipality that allowed both public alcohol consumption and nude dancing—purchased land in Dix and opened Club 57, which is now owned by Plaintiff Foxxxy Ladyz Adult World, Inc. Unsurprisingly, Foxxxy Ladyz provides live adult entertainment to its customers.

In May 2013, Plaintiffs filed this suit, which challenged all three ordinances. On Dix's motion, the undersigned dismissed the case, holding that the nudity ban did not violate the First Amendment's (or Illinois' congruent) free speech protections, and that Dix had the power to enact the alcohol-related ordinances. Plaintiffs appealed. The Seventh Circuit Court of Appeals reversed

1

in part, and remanded for reconsideration of Dix's public nudity ban.[1] Dismissal of Plaintiffs' challenges to the alcohol-related ordinances was affirmed.

In a telephonic conference in April 2015, the undersigned granted Plaintiffs leave to amend the complaint so as to again challenge the alcohol-related ordinances. For the sake of judicial economy and a full record, leave was granted with the understanding that Dix would have the opportunity to object to the inclusion of any challenges to the alcohol-related ordinances. Now before the Court is Dix's motion to Dismiss Plaintiffs' Amended Complaint as to Ordinances 2010-04 and 2010-06. Defendants' motion (**Doc. 36**) is **GRANTED**.

Plaintiffs' attempt to resurrect its challenge to the alcohol ordinances flies in the face of this Court's analysis and, more importantly, the Court of Appeals' conclusion that "Dix's enactment of Ordinance Nos. 2010-04 and 2010-06 falls within the parameters of Illinois law." ***Foxxxy Ladyz*, 779 F.3d 706, 719 (7th Cir. 2015).** Plaintiffs misguidedly assert that "this issue" (whether Dix has the power to prohibit the possession of alcohol in public places) "is new, and has not been ruled upon either by this Court or the Court of Appeals."

But the issue is not a new one. The Court of Appeals' treatment of the alcohol ordinances was extensive, and its reasoning—that Illinois code both "expressly endorses" the prohibition on alcohol possession in public accommodations and implicitly empowers municipalities to prohibit open containers of alcohol in public—applies just as squarely here as it did on appeal. The Amended Complaint challenges the same ordinances, under the same logic, as did the original. Perhaps Plaintiffs' invocation of a statute dealing with adult entertainment facilities (rather than

---

[1] The Court of Appeals' reversal rests on the need for Dix, a dry municipality with approximately 500 residents, to produce some specific, tangible evidence establishing the proposition that a live adult entertainment establishment has harmful secondary effects on a community of Dix's size. *Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix*, **779 F.3d 706, 716 (7th Cir. 2015).**

public accomodations) is "new," but it is immaterial: Dix's prohibitions on open alcohol containers and on liquor possession in Foxxxy Ladyz are clearly permissible. *See* **779 F.3d at 718–19 ("Dix finds authorization for the enactment of Ordinance Nos. 2010-04 and 2010-06 in the Illinois Municipal Code").** *See also Kathrein v. City of Evanston, Ill.,* **752 F.3d 680, 685 (7th Cir. 2014) (internal citation and quotation marks omitted) ("According to the law of the case doctrine, a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it.")**

The undersigned is unwilling to give Plaintiffs a second bite at the apple after they have had two full opportunities (one here, one at the Court of Appeals) to argue their case against Dix's alcohol ordinances. **Motion to Dismiss (Doc. 39) GRANTED.** The case moves forward only on the theory that Dix's anti-nudity ordinance is unconstitutional. Trial remains set for Monday, January 11, 2016. The parties are directed to (after a meet and confer, of course), contact the magistrate judge's chambers to discuss discovery and dispositive motion scheduling.

**IT IS SO ORDERED.**
**DATE: August 13, 2015**          *s/ Michael J. Reagan*
                                   **MICHAEL J. REAGAN**
                                   Chief Judge
                                   U.S. District Court